IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GUADALBERTO PEDROZA AND
KEMLEY RHODES

    Plaintiffs

          v.                             Civil No. 10-1053 (SEC)

UNITED STATES OF AMERICA

    Defendant

## OPINION AND ORDER

Pending before this Court is Defendant United States of America's ("Defendant") motion to dismiss (Docket # 6 & 7), and Plaintiffs Guadalberto Pedroza and Kemley Rhodes'("Plaintiffs") opposition thereto. After carefully considering the filings and the applicable law, Defendant's motion is **DENIED**.

**Factual and Procedural Background**

On January 27, 2010, Plaintiffs filed suit against Defendants under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346 and 2671, and Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann., tit. 31, § 5141. Docket # 1. According to Plaintiffs, their car was burned in a fire while parked in the San Juan Veterans Administration Medical Center's ("Agency") parking structure. They contend that Defendant is liable because, pursuant to the Fire Department's report, the building "did not have the appropriate equipment to extinguish the fire." Docket # 1, p. 2.

Defendant moves for dismissal arguing that this Court lacks subject matter jurisdiction. Docket # 7. In support thereof, Defendant points to the "discretionary function exception" to the waiver of sovereign immunity under FTCA actions, which exempts the government from suits "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government . . . ." 28 U.S.C. § 2680. According to Defendant, the Agency is not required to follow a formal policy regarding fire protection systems. Moreover, Defendant asserts that Plaintiffs fail to set forth any mandatory federal regulation, statute of formal policy that requires the installation of

fire protection systems in the Agency's parking structure. Defendant contends that insofar as Plaintiffs' claims are based on the performance of a discretionary government function, the Government is immune from suit.

In opposition, Plaintiffs argue that Defendant acknowledged its obligation to comply with certain regulations since the Agency's "As Built Plans" provided by Defendant expressly state that the Agency complied with the codes and regulations issued by the Fire Protection Association of the Veterans Affair Department Code, the Puerto Rico Fire Department, and the National Fire Protection Association. According to Plaintiffs, Defendant did not comply with these regulations. They further contend that the firefighters had to extinguish the fire manually because there was no water supply, and even so, the Agency's existing water pumps did not supply enough water to extinguish a fire.

**Standard of Review**

Rule 12(b)(1) is the proper vehicle for challenging a court's subject matter jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). Under this rule, a wide variety of challenges to the Court's subject matter jurisdiction may be asserted, among them those based on sovereign immunity, ripeness, mootness, and the existence of a federal question. Id. (citations omitted); see also Hernández-Santiago v. Ecolab, Inc., 397 F.3d 30, 33 (1st Cir. 2005) (discussing application of Rule 12(b)(1) challenge in cases where the court allegedly has diversity jurisdiction). Justiciability is a component of a court's subject matter jurisdiction, and, as such, must be reviewed following Rule 12(b)(1)'s standards. Sumitomo v. Quantum, 434 F. Supp. 2d 93 (D.P.R. 2006). A court faced with a Rule 12(b)(1) motion should give it preference. Dynamic Image Technologies, Inc. v. U.S., 221 F. 3d 34, 37 (1st Cir. 2000).

When considering a motion to dismiss under Fed. R. Civ.P. 12(b)(1), courts must "emphasize a crucial distinction, often overlooked, between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings." Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. N.J. 1977) . That is, the court will look at the facts of the case as either a "facial or a factual challenge." Arocho v. United States, 455 F. Supp. 2d 15, 17-18

(D.P.R. 2006) (citing Reynolds v. Nelson, et als., 2006 WL 2404364 (D. Arizona, July 17, 2006)).

On this front, this district has held that

> A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may be either a facial or a factual challenge. When the moving party challenges jurisdiction based on the allegations in the complaint, the court must consider all the allegations in the complaint as true, and will not look beyond the face of the complaint to determine jurisdiction. See Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3rd Cir. 1977). On the other hand, when a court reviews a complaint under a factual challenge, the allegations have no presumptive truthfulness, Ritza v. International Longshoremen's and Warehousemen's Union, 837 F.2d 365 (9th Cir. 1988)(quoting Mortensen, 549 F.2d at 891), and the court is not limited to the allegations in the pleadings if the "jurisdictional issue is separable from the merits of [the] case." Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987). Rather, the court that must weigh the evidence has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts. See Valdez v. United States, 837 F.Supp. 1065, 1067 (E.D. Cal. 1993), aff'd, 56 F. 3d 1177 (9th Cir. 1995), Mortensen, 549 F.2d at 891.

Id. at 18 (citations omitted).

A plaintiff faced with a motion to dismiss for lack of subject matter jurisdiction has the burden to demonstrate that such jurisdiction exists. See Lord v. Casco Bay Weekly, Inc., 789 F. Supp. 32, 33 (D. Me. 1992); see also SURCCO V. PRASA, 157 F. Supp. 2d 160, 163 (D. P.R. 2001).

**Applicable Law and Analysis**

In the present case, Plaintiffs argue that Defendants are liable because the parking structure did not have the "appropriate equipment" to deal with the fire. In opposition, Defendant contends that the Agency was not required to install a fire protection system. Thus Defendant challenges jurisdiction based on the allegations of the complaint, that is, the fact that Plaintiff allegedly fails to assert any applicable federal statute or regulation that mandates the installation of fire protection systems. Insofar as Defendant sets forth a facial challenge, we cannot look beyond the face of the complaint to determine jurisdiction. Although Defendant contends that the Agency decision to implement a fire protection system was discretional, making them immune from suit, this Court cannot ascertain from the face of the complaint

**CIVIL NO. 10-1053 (SEC)** **Page 4**

which, if any, fire protection system was installed by the Agency. Moreover, the Fire Department's report and Plaintiff's allegations that the hose cabinets in each floor did not have water installed. As a result, dismissal is unwarranted at this time.

**Conclusion**

Based on the foregoing, Defendant's motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of June, 2010.

*S/Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge